## VALLEY BANK & TRUST CO.
### vs.
### James J. HALL

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

November 17, 1980

Michael G. West for the plaintiff.
Pro Se for the defendant.

Present: Larkin, J., McGuane, J., Cimini, J.*

## OPINION
### LARKIN, J.

Valley Bank and Trust Company, hereinafter the "Bank", filed a complaint in two Counts against James J. Hall. Count I alleged that Hall failed to pay the balance due on a promissory note. In Count I, the Bank sought damages of $1,018.63 plus "a reasonable attorney's fee" of $339.61 as provided by the terms of the note, said fee being equal to one-third of the amount

---

★Judge Cimini, now retired, was present at the oral argument but did not participate in the deliberations or preparations of this Opinion.

claimed to be due.

Count II of Plaintiff's Complaint was based upon money lent to Hall by his use of a credit card issued by the Bank. In this Count the Bank claimed damages of $622.47 plus "a reasonable attorney's fee" of $207.53, as arguably authorized by the Master Charge Agreement between the parties.

Hall failed to file an answer or other responsive pleading, and the Bank filed its Request for Default Judgment on both Counts together with a "Memo of Damages" for each Count.

A hearing was held in the District Court on the Motions for Default Judgment. At the hearing the Bank submitted, as to each Count of its complaint, affidavits in support of its requested attorney's fees together with several Requests for Rulings as to each Count.

The Court, after hearing, found for the plaintiff on both Counts, but did not allow recovery as to attorney's fees on either Count.

In its "Memorandum of Decision" the District Court stated that M.G.L., c. 140, S114A governs the making of certain loans by institutions such as Valley Bank and Trust Company and that the provisions of S114A state, in part, "that such a lender may not take, receive, reserve or charge interest, expenses and other considerations for making or securing a loan of three thousand dollars or less in excess of those permitted by section one hundred . . ." The Court's Memorandum then cited the most recent Rate Order promulgated by the Small Loans Regulatory Board and determined that the language contained therein implied that costs of collection, including attorney's fees, were taken into account when the maximum allowable rate of interest was set by the Board. For this reason, the Court reasoned that attorney's fees, if provided for by the terms of the agreement between the parties, would be allowed only up to the maximum annual interest rate permitted: "If the borrower is being charged the maximum, no attorney's fee can be awarded, regardless of the fact that the agreement of the parties provides therefor".

In substance, the Court decided that no attorney's fees were allowable on Count II of Plaintiff's Complaint, since the maximum allowable percentage rate was in effect by virtue of the credit card agreement. As to Count I, the Court allowed Plaintiff ten days to present evidence to the Court showing the difference (if any) between the total allowable amount of interest chargeable to the borrower and the amount actually charged by the lender. The difference, if any, the Court indicated would be allowable as attorney's fees. The Bank attempted to make no such showing but brought its appeal here.

We believe that the District Court was correct in its determination that M.G.L. Chapter 140, Sec. 114A was relevant and controlling on the issue of the amount of the attorney's fees. The Bank, in effect, concedes that this statutory provision controlled the "charges" allowable in issuing the promissory note here at issue.

It is the Bank's contention, however, that Section 114A covers only "interest, expenses," and other like considerations associated with the **making** or **securing** of a loan. Since its attorney's fees were associated with the **collection** of the loan, and not the **making** or **securing** of the loan, the Bank argues that they are not covered by Sec. 114A and are therefore allowable. We do not agree.

In the case of **Begelfer v. Najarian,** 1980 Mass. Adv. Sh. 1721, the Supreme Judicial Court considered whether a default charge was included in the determination of interest, expense, or other consideration for making or securing a loan. The determination of interest, expense, or other consideration for making or securing a loan. The determination was necessary to see whether the loan violated the maximum charge allowed under M.G.L. c. 271 Sec. 49. This section, like Sec. 114A., also employs the **making** or **securing** language. There the court held that default charges should be included in the determination of the interest rate or charges for the loan. In our view, no difference exists between default charges and charges for attorney's fees for collection work which would warrant the inclusion of the former but not the latter as part of making or securing a loan. Under Sec.

114A, it is our view that attorney's fees must be included in determinations of the loan's interest charge for purposes of comparisons with statutory limits.

It is relevant also that Sec. 114A specifically incorporates Sec. 100 by reference. This later section provides that except for certain fees such as recording fees, no charge will be made beyond the maximum charge provided for. It is clear that attorney's fees may be included within the Sec. 114A language "interest, expenses and other consideration" but such included amounts can not, in our view, impel the total amount charged for the loan above the statutory maximum established pursuant to Sec. 100.

Lastly it should be noted that Sec. 114A limits the maximum charge allowed on a loan to that established under Sec. 100. Sec. 100 in turn delegates this responsibility to the Small Loans Regulatory Board. Under Sec. 100 the board is charged with ascertaining all pertinent facts and setting a maximum charge that will promote the efficient operation of financial institutions, assure the availability of capital for credit needs, and allow for a fair rate of return. As the District Court correctly pointed out, the board considers all aspects of the loan business including the cost of bad debts. To allow an amount denominated an "attorney's fee", when combined with the loan's face amount of interest, to exceed the statutory limits, could well unduly interfere with the board's regulation of the loan business by interfering with the overall profit margin through decreasing the bad debt's expense. See, for example, Greenland Finance Co. v. Small Loans Regulatory Board, 1979 Mass. Adv. Sh. 356.

The District Court correctly held that attorney's fees must be included along with a loan's interest rate in determining the overall charge for making the loan. This charge may not exceed the statutory maximum. Since the Plaintiff failed to show any difference between the charges made on the loan as originally issued and the maximum charges allowable by law, attorney's fees were properly denied.

In our view, the above reasoning applies with equal relevance to Sec. 114B which controls the credit card agreement. Again, since there was no difference between the charges made on the loan as originally issued and the maximum legal charge, attorney's fees were properly denied.

There being no prejudicial error found, the report is dismissed.